In the Matter of the Estate of MARIA JOSEFA SOTO DE STOKES, Deceased.

No. 1850; June 8, 1870.

**Administrator's Sale—Who cannot Appeal.**—An appeal from an order of the probate court confirming a sale of real estate will not be considered on its appearing that the appellant is interested in the matter only as a creditor of the husband of the deceased, whose estate is in process of settlement, and the property sold was separate property.

APPEAL from Probate Court, Monterey County.

Wm. Matthews, for Hills.

TEMPLE, J.—The first question necessary to be considered in this case is, whether the appellant, Hills, has such an interest in the subject matter affected by the proceedings appealed from as will authorize him to take this appeal. The facts upon which this question depends are the following:

Mrs. Stokes, being the owner of a large amount of real and personal property as her separate estate, died intestate, leaving as her heirs her husband, James Stokes, and several children. James Stokes was appointed administrator, and in that capacity, as is claimed, disposed of all the personal property belonging to the estate, and died leaving the estate not fully administered. His estate appears to be insolvent, and by a

settlement between his executor and the administrator de bonis non of Mrs. Stokes, was found to be indebted to the estate of Mrs. Stokes in the sum of thirty-five thousand dollars.

Upon the death of Mrs. Stokes her husband, James Stokes, inherited one-third of her property. The appellant is a creditor of James Stokes.

The administrator de bonis non of the estate of Mrs. Stokes procured an order to sell certain land belonging to her estate, and in pursuance of the order a sale was made, and this appeal is from the order of the probate court confirming the sale. The appellant is interested in saving the inheritance of James Stokes, in order that it may be assets in the hands of the executor of James Stokes for the payment of appellant's debt.

The Probate Act does not specifically name the parties who may appeal from these proceedings, but, of course, it can only be done by the parties to those proceedings, or those directly affected by them. The parties to the proceedings for the sale of land of a deceased person are those interested in the estate as heirs or devisees, and the creditors. The appellant belongs to neither of these classes. He had no right to appear or to be represented in these proceedings in the probate court, except by the executor of James Stokes, whose creditor he is.

As creditor of James Stokes he has a right to interfere to some extent in the estate of James Stokes, to compel a proper administration of the assets of that estate, to which he looks for payment, but there is no more propriety in allowing him to prosecute this appeal to protect the interests of that estate than there would be in allowing him, as credior, to maintain an action of ejectment to recover land belonging to the estate. His proper remedy is to compel the executor of James Stokes to institute such proceedings, or, if he refuse, to have him removed, or otherwise made responsible.

The appeal is dismissed.

We concur: Sprague, J.; Wallace, J.; Crockett, J.; Rhodes, C. J.